# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

RONALD VINCENT WILLIAMS, # 239426, :

    Plaintiff,                                     :

vs.                                             :       CIVIL ACTION 18-0280-JB-MU

COASTAL ALABAMA COMMUNITY    :
COLLEGE, *et al.*,
                                              :

    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). It is recommended that this action be dismissed with prejudice as frivolous prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I. Amended Complaint. (Doc. 8).**

Plaintiff was ordered to put his complaint on this Court's § 1983 complaint form, which he did. (Doc. 8). In this Amended Complaint, he names as Defendants, the Dean of Alabama Coastal Community College ("Coastal"); Lavon Smith, advisor at Coastal's Fountain Correctional Center ("Fountain") campus; Ms. Cook, Warden at Fountain; and Misty Baragar, a classification specialist at Fountain. (*Id.* at 4-6). Plaintiff sues these Defendants because he wants to receive his degree or certificate of completion in small engine repair and $10,000 from each Defendant. (*Id.* at 7).

According to Plaintiff, he completed the first semester in small engine repair in the fall of 2012. (Doc. 8-1 at 2). In 2013, Plaintiff was transferred from Fountain to the Mobile Community Work Center, where he worked for the Satsuma Public Works Department. (*Id.*). Later in 2017, after his classification was reduced, he requested to be transferred to Atmore Work Center or J.O. Davis Correctional Facility ("J.O. Davis") in order to return to trade school to complete his second and final semester in small engine repair and receive credit for his first semester in 2012. (*Id.* at 3). Plaintiff was transferred from Easterling Correctional Facility to J.O. Davis, so he could enroll for the second semester, which started on January 8, 2018. (*Id.*).

On February 21, 2018, Defendant Smith provided Plaintiff with a copy of his school records. (*Id.* at 4). Defendant Smith and Coastal did confirm that he would receive full credit for the completion of his first semester in 2012 and he would graduate on May 9, 2018 when he completed his second semester. (*Id.*). However, his college transcript reflected that he completed a 2012 course as well as a 2013 course, of which he had no knowledge. (*Id.*).[1] Plaintiff claims that his college transcript reflects that the college received full federal funding for him taking a course in 2013 while he was working for the City of Satsuma. (*Id.*).

Defendant Smith told Plaintiff that there was an error by Coastal in entering the funds on Plaintiff's transcript and acknowledged that Plaintiff would be graduating on May 9, 2018 with a degree or certificate of completion in small engine repairs. (*Id.* at 5). Defendant Smith has been at Coastal for many years, so he knew that Plaintiff had not "enrolled in 2018 [sic]." (*Id.* at 6). But when the graduation date arrived, Plaintiff was

---

[1] A copy of the transcript is attached to Plaintiff's Motion. (Doc. 9 at 6-7).

2

not permitted to participate in graduation ceremonies because the ADOC administration, Coastal, and Defendant Smith "fraudulent[ly] filed for a federal grant or loan upon the plaintiff[.]" (*Id.* at 5). This kept Plaintiff from receiving the necessary funding to complete the second semester in 2018. (*Id.* at 6). And this "denied the plaintiff [his] right to a[] just education." (Doc. 8 at 6).

If Plaintiff is successful in his action, he asks that he receive his "full degree" or certificate of completion in small engine repair and $10,000 in damages from each Defendant. (*Id.* at 7).

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing his Amended Complaint (Doc. 8) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.*[2] Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual

---

[2] *Neitzke*'s interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B). *Bilal v. Driver*, 251 F.3d 1346,1348-49 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).

3

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

When considering a *pro se* litigant's allegations, a court holds them to a more lenient standard than those of an attorney, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), but it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010). A court treats factual allegations as true, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

## III. Analysis.

Plaintiff claims that he has been deprived of his degree or certificate of completion in the small engine repair program. (Doc. 8). Courts, however, have found that prisoners do not have a liberty interest in participating in rehabilitation or educational programs. *Santos v. Hutto,* 2009 WL 1405518, at *3 (M.D. Ala. 2009) (unpublished) (an Alabama inmate has no constitutional right to participate in favorable prison programs including educational classes); *Smith v. Lambert,* 12 F. App'x 570, 572 (9th Cir. 2001) (unpublished) (there is "no constitutionally protected right to vocational training"); *Joseph v. U.S. Fed. Bureau of Prisons*, 232 F. App'x 901, at *2, 2000 WL

4

1532783 (10th Cir. 2000) (unpublished) ("[p]risoners have no constitutional right to educational or vocational opportunities during incarceration.") (quotation and quotation marks omitted).

In order for Plaintiff to state a § 1983 claim, he must show a violation of a constitutional or federal right.  *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327, 330-31.  With no constitutional or federal right being specifically identified by Plaintiff in his Amended Complaint,[3] the Court finds that the right most consistent with Plaintiff's allegations is a right based on the Fourteenth Amendment.  The Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law[.]"  U.S.CONST. amend. XIV, § 1.

In order for Plaintiff to show a violation of the Fourteenth Amendment, he must establish that he has an interest to which due process attaches.  In the present context, with an interest based on his life or property not being germane to his allegations, Plaintiff thus must show that he has a liberty interest.  To ascertain if a prisoner has a liberty interest, the decision in *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), controls.  The Supreme Court in *Sandin* decided that an interest of real substance, a grievous loss, must be present in order for a liberty interest to be found.  *Id.* at 477, 115 S.Ct. at 2297.  The Court recognized that the States under certain circumstances may create liberty interests which are protected by the Due Process Clause.  *Id.* at 483-84, 115 S.Ct. at 2300.  But for a prisoner "these interests

---

[3] It has been with great difficulty that the Court has read Plaintiff's handwriting.  Nonetheless, a reference to a constitutional or federal provision identifying a right belonging to Plaintiff was not found.

5

will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . , nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484, 115 S.Ct. at 2300. Moreover, the Court observed that "any state action taken for a punitive reason [does not necessarily] encroach[] upon a liberty interest under the Due Process Clause even in the absence of any state regulation." *Id.*

There is no right inherent in the Constitution for a prisoner to receive an education or to participate in a vocational program. *Zimmerman v. Tribble,* 226 F.3d 568, 571 (7th Cir. 2000) ( "[t]here is no constitutional mandate to provide educational, rehabilitative, or vocational programs" although a state may create a liberty interest in them); *Pugh v. Locke,* 406 F. Supp. 318, 330 (M.D. Ala. 1976) (courts have "declined to elevate a positive rehabilitation program to the level of a constitutional right"), *aff'd and remanded, Newman v. Alabama*, 559 F.2d 283, 292 (5th Cir. 1977),[4] *rev'd in part, Alabama v. Pugh,* 438 U.S. 781 (1978); *Boulware v. Fed. Bureau of Prisons,* 518 F. Supp.2d 186, 189 (D.D.C. 2007) *("*prisoners do not have a due process right to participate in vocational and educational programs, let alone one of their choosing"). As a consequence, there is no right expressly created by Constitution to receive a degree or a certificate of completion after successfully completing a vocational course.

Thus, Plaintiff must establish that he has a liberty interest created by the State in participating in a vocational program, and that for his successful participation in the vocational program, he has a liberty interest in receiving a degree or certificate of

---

[4] The Eleventh Circuit in *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981), adopted the decisions of the former Fifth Circuit render prior to October 1, 1981.

completion. *Sandin* describes a liberty interest as being "generally limited to freedom from restraint which, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin,* 515 U.S. at 484, 115 S.Ct. at 2300. Not receiving a degree or certificate of completion for participating in the first and second semesters of the small engine repair course does not impose an atypical and significant hardship on Plaintiff in relation to the ordinary incidents of prison life, and Plaintiff has not alleged that he has suffered an atypical and significant hardship, nor can the Court construe one based on the Amended Complaint. *Luckett v. Lewis,* 2013 WL 6230103, at *2 (S.D. Miss. 2013) (unpublished) (finding no constitutionally protected right to participate in educational programs while incarcerated, as "Plaintiff's inability to attend GED classes while in protective custody [was not] an atypical or significant hardship of prison life"); *Santos,* 2009 WL 1405518, at *3 (M.D. Ala. 2009) (unpublished) (finding an Alabama inmate has no constitutional right to participate in favorable prison programs including educational classes); *Thompkins v. Hayes,* 2007 WL 128797, at *2 (M.D. Ala. 2007) (unpublished) ("The law is well settled that an inmate has no constitutionally protected interest in trade school or other educational program as the failure to place an inmate in any such program does not impose 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'") (quotation omitted). *Compare Sandin,* 515 U.S. at 485-86, 115 S.Ct. at 2301 (finding no liberty interest in an inmate's confinement to administrative segregation for 30 days because it did not work a major disruption in his environment and was not a dramatic departure from the basic conditions of his sentence), *with Wilkinson v. Austin,* 545 U.S. 209, 213, 224, 125 S.Ct. 2384, 2388, 2395, 162 L.Ed.2d

174 (2005) (applying *Sandin*'s reasoning to find that Ohio inmates had a liberty interest to avoid placement in the supermax prison because the conditions taken together imposed an atypical and significant hardship); *Williams v. Fountain,* 77 F.3d 372, 374 n.3 (11th Cir.) (one year in solitary confinement presented an atypical and significant hardship which resulted in a deprivation of a liberty interest), *cert. denied,* 519 U.S. 952 (1996); *and Magluta v. Samples,* 375 F.3d 1269, 1282 (11th Cir. 2004) (the harsh conditions in solitary confinement under which he was held for 500 days amounted to an atypical and significant hardship to which due process attached). Thus, if an Alabama prison inmate has no state-created liberty interest in participating in vocational programs, then it follows that a state-created liberty interest does not exist to receive a degree or a certificate of completion for a vocational program. Not receiving a degree or certificate of completion does not impose an "atypical and significant hardship on [Plaintiff] in relation to the ordinary incidents of prison life." *Sandin,* 515 U.S. at 485-86, 115 S.Ct. at 2301. Accordingly, Plaintiff does not have a state-created liberty interest.

Consequently, this claim is meritless because it alleges an "infringement of a legal interest which clearly does not exist" and is therefore subject to dismissal as frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke*, 490 U.S. at 327, 109 S.Ct. at 1831-32.

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *Luckett,* 2013 WL 6230103, at *2 (dismissing § 1983 action with prejudice as frivolous pursuant to § 1915(e)(2)(B)(i) because the prisoner had no

8

constitutionally-protected right to participate in an educational program while incarcerated); *Santos,* 2009 WL 1405518, at *3 (same); *Thompkins,* 2007 WL 128797, at *2 (same).

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 22nd day of August, 2019.

s/ P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**